IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SHALIMAR LOPEZ MARTINEZ<br><br>PLAINTIFF<br><br>V.<br><br>JETBLUE AIRWAYS CORP.<br><br>DEFENDANT | CIVIL NO. 16-CV-<br><br>DISCRIMINATION BASED ON DISABILITY; WRONGFUL TERMINATION; DAMAGES AND INJUNCTIVE RELIEF<br><br>TRIAL BY JURY DEMANDED |

# COMPLAINT

**TO THE HONORABLE COURT:**

Comes now Plaintiff Shalimar Lopez Martinez through the undersigned attorney and very respectfully alleges, states and prays:

### I. NATURE OF THE CASE

1. This is an action for reinstatement, back pay, front pay, compensatory damages, punitive damages, double damages, declaratory, injunctive and equitable relief brought pursuant to the American with Disabilities Act of 1990, as amended, 42 U.S.C. §12102, as contained in Title VII of the Civil Act of 1964, as amended, 42 U.S.C. §2000 *et seq.*; the Civil Rights Act of 1991, 42 U.S.C. §1981a; the Puerto Rico Discrimination and Disability Act No. 44 of July 2, 1985, 1 L.P.R.A. §501 *et seq.*; Act No. 80

1

of May 30, 1976, as amended, 29 L.P.R.A. §185a, *et seq.*, for defendant's discrimination on the basis of mental disability, reckless disregard to Lopez's federally protected rights and intentional infliction of emotional distress upon Lopez.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. Sec. 1331 and 1343(4); §706 of the Civil Rights Act (42 U.S.C. §2000e-5, 29 U.S.C. §185 and 29 U.S.C. § 1132. Its supplemental jurisdiction is also invoked pursuant to 28 U.S.C. § 1367 to hear the Commonwealth of Puerto Rico law claims because these are so related to the other claims as to which this court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 29 U.S.C. §1391(b)(1) and (2), because the defendant reside in Puerto Rico and all the discriminatory employment practices alleged herein were committed within the judicial district comprising the Commonwealth of Puerto Rico.

## III. THE PARTIES

4. The plaintiff Shalimar Lopez Martinez, herein refer as to "Lopez", is of legal age, married and a resident of Orlando, Florida.

5. Lopez is an "employee" within the meaning of Title VII and within the meaning of all the legal provisions of Puerto Rico law upon which Lopez predicates her

2

claims for relief.

6. The defendant JetBlue Airways Corp., herein refer as to "JetBlue", is a Delaware corporation and an American airline headquartered in New York which serves destinations in the United States, the Caribbean, Central and South America. JetBlue also maintains corporate offices and operation in Carolina, Puerto Rico.

7. JetBlue is a "person" and an "employer" within the meaning of 42 U.S.C. §2000e(a) and (b) and within the meaning of all the legal provisions of Puerto Rico law upon which Lopez predicates her claims for relief.

8. JetBlue employs more than 500 employees on a monthly basis.

9. JetBlue is a for profit corporation registered with the Department of State of Puerto Rico. Its resident agent is located at 208 Ponce De Leon Avenue, Popular center Building Suite 1600, San Juan, Puerto Rico 00936.

10. At all times relevant herein, JetBlue was employer of plaintiff.

### IV. EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

11. On May 11, 2015 Lopez filed an administrative charge (#16H-2015-00529C) against defendant JetBlue before the Anti-Discrimination Unit of the Department of Labor ("ADU").

12. Lopez charge was for discrimination on the basis of disability and the American with Disabilities Act.

13. On December 30, 2015 the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue with regard to Lopez's case.

14. The Complaint was filed within ninety (90) days of plaintiff's receipt of the Notice of Right to Sue. *See Docket Entries No. 1.*

## V. THE FACTS

15. Lopez repeats and re-alleges each and every preceding allegation as if fully set herein.

16. Lopez began to work for JetBlue on March 29, 2006 as a customer service agent at the Luis Muñoz Marin International Airport in Carolina, Puerto Rico.

17. In 2007 she was promoted as an Administrative Assistant in charge of all JetBlue terminals in Puerto Rico: San Juan, Ponce and Aguadilla. At that time her duties include dealing with the payroll, billing and various human resources duties, among others.

18. In 2012 Lopez was again promoted as the Administrative Supervisor of JetBlue in charge of supervising several employees at the San Juan terminal.

19. The position of Administrative Supervisor was a regular position within JetBlue.

20. The duties that Lopez performed as Administrative Supervisor were not extraordinary in nature. Rather, these duties were permanent and routinely performed at JetBlue.

21. In April of 2014 Lopez commenced to suffer tangible health problems associated to a severe emotional condition, which required the use of different medications in order to improve the then existing symptoms such as anxiety disorder, panic attacks and major depression. During the month of April of 2014, while at her work, she became anxious and depresses causing a sudden breakdown in her health which required immediate hospitalization in a psychiatric facility at Capestrano Hospital. The incident was of public knowledge at the workplace at reported to the then supervisor Mr. Frankie Elias who intercedes in the incident. At that time she remained hospitalized one (1) week.

22. Due to the above medical conditions Lopez was hospitalized several times during 2014 and received psychiatric and psychological treatment.

23. As consequence of plaintiff's emotional and physical conditions Metropolitan Life Insurance Company, herein refer as to "Metlife", approved a short term disability benefit from April till June 30, 2014. However, her treating physicians did not release her from treatment and she was not authorized to return to work. The short term disability was extended until September of 2014.

24. On July 30, 2014 Lopez's psychiatrist Maria L. Roman-Orta, MD issued a medical certificate in order to allow her to remain out of work until September 8, 2014 in light of several symptoms presents such as insomnia, depression, anxiety disorder, memory difficulties and poor concentration, among others.

25. During the months of July, August and September of 2014 Lopez continued without working due to her poor response to the medical treatment she was receiving and the side effects of the medications such as Klonopin, Wellbutrin, Prozac and Seroquel. Thus, Metlife granted a long term disability benefit for the months of October, November and December of 2014.

26. On October 6, 2014 Lopez was hospitalized at "Clinica Interdisciplinaria de Psiquiatria Avanzada", also known as "CIPA", following her psychiatrist Roman-Orta's orders due to her mental illness. She remained hospitalized in that mental institution under the care of Dr. Rafael Miguez-Balseiro, psychiatrist, until October 31, 2014.

27. Afterwards, Lopez continued receiving psychological and psychiatric treatment. In December of 2014 she was again hospitalized for two (2) weeks and was released on December 27, 2014. After receiving considerable medical treatment and

5

obtaining improving of her emotional health she was released and authorized to return to work on January 2, 2015.

28.     On January 2, 2015 Lopez contacted JetBlue office and spoke with the new General Manager Hector Camacho, which instructed her to return to work on January 5, 2015. Before commencing her duties on January 5, 2015 the plaintiff complied with defendant's policies and submitted the proper Return to Work form accompanied by a medical certificate issued by Dr. Miguez-Balseiro. The same evidenced that she was under psychiatric treatment and released on December 27, 2014 from CIPA.

29.     On January 5, 2015 Lopez sustained an interview with Mr. Hector Camacho regarding her duties, to discuss job expectations and employment needs, and to receive instructions. Then, Lopez was assigned her duties for the day and began working. After concluding her working shift that day Camacho delivered to the plaintiff a letter dated January 5, 2015 stating she was on an unsubstantiated leave of absence and that she needs to immediately submit a medical certificate to justify her absents.

30.     The above mentioned letter dated January 5, 2015 was issued by JetBlue Airways Human Resources Department. In the same JetBlue demanded Lopez to submit a Return to Work form or substantiate her leave immediately. JetBlue warned the plaintiff to comply with the above by January 14, 2015 or they will assume that she resigned to her position with the company voluntarily.

31.     After concluding her day of work on January 5, 2015 Lopez was instructed of not returning to work until further notice. In view of that instruction, Lopez proceeds to submit by email three (3) additional medical certificates to sustain her leave of absence. One from her psychologist Wilfred Valentine-Bailly, MD dated January 12, 2015

6

acknowledging that Lopez received psychotherapeutic treatment from January 8, 2014 till October 1, 2014. Another also dated January 12, 2015 issued by her psychiatrist Roman-Orta recognizing that Lopez was under her medical care until September 30, 2014. The third one was issued by doctor Miguez-Balseiro on January 13, 2015 stating Lopez was under his professional care for a severe emotional condition (major depressive disorder recurrent) that requires the use of different medications in order to improve the symptoms. The same also acknowledge that Lopez was been unable to work during the period of October 1, 2014 through January 2, 2015.

32. Then, on January 12, 2015 Lopez had a telephone conference with Liz Rodriguez, Specialist of the Human Resources Department, who reiterated her of not returning to work until further notice and informed that JetBlue was evaluating her case and the same was been handle by Ms. Robin King, the company's Human Resources Regional Manager, and Gisselle Cortez, Director of Operation for Puerto Rico and the Caribbean. However, JetBlue failed to contact the plaintiff within a reasonable period of time and she remained out of work without just cause or any kind of information about her status of employment with the company.

33. It was not until April 24, 2015 that JetBlue, through Puerto Rico General Manager Camacho, contacted Lopez for a meeting to take place on April 27, 2015. The meeting was held in the presence of the plaintiff, Mrs. Robin King, Mr. Camacho and Ms. Liz Rodriguez.

34. During the above mentioned meeting held on April 27, 2015 Lopez was informed by Mrs. King that her position as Administrative Supervisor with JetBlue was eliminated effective on April 27, 2015. She was not offered any other regular position

7

within the company despite her experience, ability and fitness to work.

35. On April 27, 2015 Lopez was terminated from her employment with JetBlue due to her mental condition and without just cause.

36. At the time of her termination Lopez was able to perform the essential duties of her position as Administrative Supervisor and/or any other similar position.

37. At all relevant time to this complaint JetBlue had job positions available but instead decided to terminate Lopez from her employment because it perceived her as having such an impairment. At the time of the termination there were available positions of supervisor in JetBlue. Furthermore, the plaintiff was the only employee terminated by JetBlue in Puerto Rico.

38. At all relevant time to this complaint JetBlue perceived Lopez as having a mental impairment and/or disability. JetBlue was well aware of the existence of medical records suggesting Lopez´s physical and mental impairment.

39. The personnel action taken against Lopez adversely affected her terms and conditions of employment. Said action, the termination of employment, was taken because of an actual or perceived impairment. As a matter of fact, Lopez was not having a limiting impairment when she was authorized by her treating physician to return to work on January 2, 2015.

40. At the time of the discriminatory and wrongful termination Lopez was a full time employee receiving a salary of $52,000.00 annually, fringe benefits, sick leave, paid vacations, bonus, profit sharing, 401K retire plan, medical plan, short and long term disability benefits and other benefits such as traveling privileges.

41. JetBlue administrative decision to terminate Lopez from employment

8

constitutes an act of discrimination on the basis of disability, in violation of the applicable federal and local anti-discrimination statutes. The wrongful termination was precipitated because defendant perceived Lopez as a person with mental illness and not capable of performing the duties of her position. Consequently, JetBlue opted to eliminate her position as Administrative Supervisor and refused to offer another regular position within the company. Lopez was the only employee adversely affected by such decision in Puerto Rico.

42. Plaintiff's mental condition did not pose a direct threat to the health or safety of other individuals in the workplace. Lopez was fitted to perform the essential duties of her position or any other position available at JetBlue. When she returned to work no symptoms such as irritability, chronic lateness, poor judgement, socialization difficulties, limited stamina, difficulty dealing with stress or criticism, or limited attention spans were present. On the contrary, Lopez was fitted to execute any duty assigned.

43. The plaintiff was subjected to an action prohibited under the Act because JetBlue perceived Lopez as having a physical or mental impairment.

44. Even if JetBlue had reason to know that Lopez has a disability, it was its obligation to discuss reasonable accommodation, but it failed to do so.

45. On May 11, 2015 Lopez filed an administrative charge (#16H-2015-00529C) against defendant JetBlue before the ADU on the basis of disability and the American with Disabilities Act.

46. On December 30, 2015 the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue with regard to Lopez's case.

## VI. COUNT ONE
### (American with Disability Act)

9

47. Plaintiff repeats and reincorporates the allegations contained above as if fully stated herein.

48. At all relevant times herein, the plaintiff was a qualified individual with a disability pursuant to and as defined by ADA.

49. At all relevant times herein, the defendant engaged in an industry affecting commerce and had twenty-five or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

50. Defendant discriminated against plaintiff for reason of her disability when, among others, suspended her from employment before the firing and then committed an unilateral discharge without just cause and without offering reasonable accommodation.

51. The defendant's discrimination against plaintiff was intentional and due to her disability.

52. As result of the defendant's discrimination, plaintiff has suffered a loss of wage and income in excess of $1,000,000.00 in concept of back pay, front pay, salaries, wages, and fringe benefits that she would have earned.

53. As a further result of the defendant's discrimination, plaintiff has suffered mental anguish and emotional distress in excess of $5,000,000.00.

54. Plaintiffs have no adequate remedy at law and would suffer irreparable harm in the absence of injunctive relief.

## VII. COUNT TWO
### (Title VII of the Civil Rights Act of 1964)

55. Plaintiff repeats and reincorporates the allegations contained above as if fully stated herein.

10

56. At all relevant times herein, the plaintiff was a qualified individual with a disability pursuant to and as defined by ADA.

57. At all relevant times herein, the defendant engaged in an industry affecting commerce and had twenty-five or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

58. Defendant discriminated against plaintiff for reason of her disability when, among others, suspended her from employment before the firing and then committed a unilateral discharge without just cause and without offering reasonable accommodation.

59. The defendant's discrimination against plaintiff was intentional and due to her disability.

60. As a consequence of defendant's discrimination, plaintiff is entitled to punitive damages and to recover all the economic loss suffered. Plaintiff estimate economic damages are in excess of $1,000,000.00 in concept of back pay, front pay, salaries, wages, and fringe benefits that she would have earned.

## VIII. COUNT THREE
### (Civil Rights Act of 1991, 42 U.S.C. § 1981a)

61. As a consequence of the above, Plaintiffs are entitled to recover any economic loss it may suffer due to Defendants' actions and omissions.

62. Defendant discriminated against plaintiff for reason of her disability when, among others, suspended her from employment before the firing and then committed a unilateral discharge without just cause and without offering reasonable accommodation.

63. The defendant's discrimination against plaintiff was intentional and due to her disability.

64. Plaintiff is entitle to receive an award for punitive damages or exemplary damages of not less than $5,000,000.00, which will serve as punishment and deterrence for such unlawful employment practices.

## IX. COUNT FOUR
### (Act No. 44 of July 2, 1985, 1 L.P.R.A. §501 *et seq.*)

65. Plaintiff repeats and reincorporates the allegations contained above as if fully stated herein.

66. The defendant's discrimination against plaintiff because her disability constitutes a violation of Puerto Rico Act. No. 44 of July 2, 1985, 1 L.P.R.A. §501 *et seq.*

67. As result of the defendant's discrimination, plaintiff is entitled to double the amount of the actual damages caused by defendant, including but not limited to lost wages, mental anguish and emotional distress.

68. As result of the defendant's discrimination, plaintiff has suffered a loss of wage and income in excess of $1,000,000.00 in concept of back pay, front pay, salaries, wages, and fringe benefits that she would have earned..

69. As a further result of the defendant's discrimination, plaintiff has suffered mental anguish and emotional distress in excess of $5,000,000.00.

## X. COUNT FIVE
### (Intentional Infliction of Emotional Distress)

70. Plaintiff repeats and reincorporates the allegations contained above as if fully stated herein.

71. Defendant discriminated against plaintiff for reason of her disability when,

among others, suspended her from employment before the firing and then committed a unilateral discharge without just cause and without offering reasonable accommodation.

72. The defendant's discrimination against plaintiff was intentional and due to her disability.

73. As result of the defendant's discrimination, plaintiff is entitled to cause of action for intentional infliction of emotional distress to recover the emotional damages suffered as consequence of defendant' actions and omissions.

74. As a further result of the defendant's discrimination, plaintiff has suffered mental anguish and emotional distress in excess of $5,000,000.00.

## XI. COUNT SIX
### (Wrongful Termination under Act No. 80)

75. Plaintiff repeats and reincorporates the allegations contained above as if fully stated herein.

76. The defendant's termination of the plaintiff's employment was without just cause and thus a violation of Act. No. 80 of May 30, 1976, as amended, 29 L.P.R.A. §185a *et seq*.

77. Plaintiff is entitled to be indemnified by defendant for her unjust termination in the amount provided by the statute, together with cost and attorneys fees.

## XII. COUNT SEVEN
### (Request for Attorney Fees and Cost)

78. Plaintiff repeats and reincorporates the allegations contained above as if fully stated herein.

13

79. Plaintiff is entitled to attorney's fees and cost.

### XIII. COUNT NINE
(Jury Demand)

80. The plaintiff demands a trial by jury as to all issues so triable.

### XIV. COUNT TEN
(Prayer for Relief)

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A. Immediate reinstatement to her employment position with defendant;

B. Loss of salary, less interim earnings, and benefits, together with interest, for the period during which Lopez was unemployed;

C. Back pay;

D. Front pay;

E. Lost benefits; both past and future;

F. Compensatory and emotional damages in an amount not less than $5,000,000.00;

G. An award not less than in double damages pursuant to Title VII;

H. An award not less than in double damages pursuant to Act No. 44;

I. Punitive damages;

J. Compensation for mental anguish and emotional distress;

K. An award of reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursement under Title VII and/or Local Laws;

L. Indemnification and statutory attorney's fees under Act. No. 80;

M. Prejudgment interest;

N. Any other remedies which the Court deems just and proper.

**Respectfully Submitted.**

In San Juan, Puerto Rico, this 30th day of March of 2016.

s/Arturo Luciano-Delgado
USDC-PR 206306
Attorney for Plaintiffs
Luciano Law Offices
P.O. Box 362736
San Juan, Puerto Rico  00936-2736
Tel. (787)782-0820/(787)587-1385
E-mail: LucianoLawOffice@aol.com

15